B. HAMBURGER, Respondent, *v.* PETER and BRIDGET GRANT, Appellants.

FRAUDULENT CONVEYANCE—Where the amount of a creditor's claim was only three dollars and fifty cents: *Held*, that a court of equity would not interfere to set aside a conveyance, alleged to be fraudulent, at the suit of such creditor.

APPEAL from Clatsop County.

The appellants are husband and wife. The respondent alleges, that on the thirteenth day of July, 1878, he recovered judgment against the appellant, Peter Grant, for

seventy-seven dollars and twenty-seven cents, upon which an execution was issued on the twenty-fifth of the same month, and returned unsatisfied except as to four dollars; that on July 10, 1877, Grant entered into a contract with one Armstrong, for the purchase of the property in question; that thereafter, on the eighteenth of July, 1877, and after the greater portion of the debt recovered upon had been contracted, the appellants, for the purpose of defrauding their creditors, and to prevent the respondent from collecting his claim, caused the property bargained for by Peter Grant, to be conveyed by Armstrong to Bridget, Peter's wife, without consideration. The appellants deny that the indebtedness in question was contracted prior to the conveyance complained of, or that there was any indebtness by Peter Grant to Hamburger, at that time, or that the conveyance was fraudulent, and it is alleged that the property described was purchased by money which constituted a part of Bridget's separate estate.

The referee found that at the time the conveyance was made, Peter Grant was only indebted to Hamburger in the sum of three dollars and fifty cents. The court below found that the conveyance from Armstrong to Bridget Grant was made in contemplation of future, as well as of existing debts, and was fraudulent, and decreed that it be set aside.

*J. Q. A. Bowlby, and O. F. Bell*, for appellants.

*J. W. Robb and C. W. Fulton*, for respondent.

By the Court, KELLY, C. J.:

We think that the weight of testimony in this case shows that the contract made on the tenth of July, 1877, for the purchase of the house and leasehold interest was made with Armstrong by Bridget Grant and not by her husband Peter, the defendant; and that she paid for the property out of her own money, and on the eighteenth of July, 1877, took the conveyance from Armstrong in her own name.

The referee found that on that day Peter Grant was indebted to the plaintiff in the sum of three dollars and fifty

cents.  We think the evidence fails to establish the fact that the conveyance was taken in the name of Bridget Grant to defraud the plaintiff out of this small sum of money.  Moreover, the interposition of a court of equity ought not to be asked to set aside a deed on the ground of fraud for such a small sum of money.  For these reasons the decree of the court below will be reversed and the complaint dismissed.

Decree reversed.