Conatser v. The State.

## COOKE CONATSER v. THE STATE.

1. CRIMINAL LAW. *Juror.* *Disqualification.* If the opinion of a juror in a criminal case be clearly such as disqualifies him, no inquiry is permissible whether, notwithstanding his opinion, he will be governed alone by the evidence, but it is otherwise when the opinion is not based upon evidence or information which disqualifies.

2. SAME. *Same.* *Same.* The law does not regard what the juror may call an opinion as an opinion at all unless based upon knowledge or reliable information of facts, and the state of mind of the juror in such case as to what weight he would give to the evidence in the case becomes an important element in ascertaining his competency.

3. SAME. *Same. Same.* If the opinion of a juror go only to the fact that a person has been killed and that the defendant killed him in a case where these facts could not be disputed, he would not necessarily have a disqualifying opinion as to the guilt or innocence of the accused.

4. SAME. *Same. Same.* The question whether the nature and strength of a juror's opinion are such as in law necessarily raises the presumption of partiality is one of mixed law and fact, to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence, and the finding of the trial court will not be set aside by the reviewing court unless the error be manifest.

5. SAME. *Same. Same.* A juror, upon a trial for murder, stated that he had formed an opinion from rumor and rumor alone, and, to a direct question by the court, added that he could divest himself of that opinion, and from the evidence in the cause do equal and impartial justice between the State and the prisoner; and further said, upon being interrogated by the counsel of the defendant, that he had heard persons say that the prisoner had killed the deceased with a hoe on the road at a road-working; that he did not know whether those persons were witnesses or not, nor whether they had heard the evidence or not; that he had the same opinion still, and it was a fixed opinion from rumor, and that it would take evidence favorable to the prisoner to remove it, but again said that he could disregard that opinion, and rely upon the evidence for his verdict. *Held,* there being in fact no doubt that the prisoner did kill the deceased in the manner stated, that there was no error in holding the juror competent.

FROM PICKETT.

Appeal in error from the Circuit Court of Pickett county.    D. K. YOUNG, J.

R. A. COX and J. D. GOODPASTURE for Conatser.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Appeal in error from a judgment of conviction of the crime of murder in the second degree.

The principal ground relied on for reversal is in the ruling of the trial judge on the competency of certain jurors. The defendant, after exhausting his challenges, was compelled to accept three jurors over his objection to their competency. These jurors all made substantially the same statements. Each juror said he had formed or expressed an opinion as to the guilt or innocence of the prisoner from rumor. The trial judge then asked the juror: "You say you have formed an opinion from rumor, is it from rumor alone?" Ans. "Yes." The judge further asked: "Can't you divest yourself of that opinion which you have from rumor, and from the evidence which will be detailed before you try the cause, and do equal and impartial justice between the State and the prisoner?" To which the juror answered in the affirmative. Upon being interrogated by the counsel of the prisoner, the juror added that he had heard persons say that the prisoner had killed the deceased with a hoe on the road at a road-working; that he did not know whether those persons were witnesses or not; nor whether they had heard the evidence or not; that he had the same opinion still, and it was a fixed opinion from rumor, and that it would take evidence favorable to the prisoner to remove that opinion; but again said that he could disregard that opinion, and rely upon the evidence for his verdict.

The leading case in our books upon the competency of jurors in a criminal trial is *Rice* v. *State*, 1 Yer., 432. The juror had formed and expressed an opinion of the guilt or innocence of the prisoner, which he had

formed from conversing with the witnesses, or hearing them converse. He was then asked by the judge: "Do you think, notwithstanding that opinion, you are in a condition to try the case impartially?" He answered in the affirmative, and was presented to the defendant. This court held that a juror who declares that he has formed and expressed an opinion from having heard the witnesses or testimony touching the alleged crime, is incompetent to sit upon the trial, and is therefore subject to challenge for cause. And the court thought that the last interrogatory was improper. "It is unjust," they say, "to the accused, because he is sensible he has difficulty to encounter which the Constitution designed to guard him against; and it is unjust to the juror thus to force upon him the double duty of guarding against his former partialities and prejudices, while he is charged with perhaps the life of the accused."

. In the next case in our books all of the jurors objected to stated in substance that they had formed, and some of them that they had also expressed opinions of the guilt or innocence of the prisoner from public rumor, and not from conversing with any of the witnesses. One of these stated in addition that he had heard the circumstances from different persons, who did not, however, profess to be eye-witnesses. The court was of opinion that only the last witness should have been rejected for cause: *McGowan* v. *State*, 9 Yer., 185. In *Payne* v. *State*, 3 Hum., 376, persons were held to be competent who stated that they had formed and expressed an opinion from rumor, and re-

ports in the neighborhood that a man had been killed,
that the defendant was accused of having killed him,
and had attempted to escape, the circumstances of the
case not having been related to them.    In this case
the reason for the distinction between an opinion from
rumor and from facts as bearing upon the competency
of the juror is well explained by Judge Green.    In
*Henry* v. *State*, 4 Hum., 270, it was suggested by the
same eminent judge that if there be doubt whether
such an opinion had been formed as would render the
person unfit to be a juror, the safe course was to de-
clare him incompetent.    Influenced to some extent by
this suggestion, which is referred to, a juror was held
in the next succeeding case to have been improperly
put to the prisoner, who stated that he had formed
an opinion from rumor, but did not know whether his
information was from witnesses, adding, in answer to
the question: could he do justice to the prisoner, that
he could, "if the proof turned out differently from
rumor."    "The character of the impression," says
Judge McKinney, "made upon the juror's mind, and
the influence upon his conduct likely to be produced
by it, were of much greater consequence than the
source whence such impression may have been de-
rived": *Moses* v. *State*, 10 Hum., 456.    When this
case again came before the court in 11 Hum., 232,
the decision was treated as based upon the idea that
the juror had in his mind not a mere hypothetical
opinion or loose impression, but an opinion so fixed
that it would require evidence to remove it.

    In *Alfred* v. *State*, 2 Swan, 581, it was considered

to be well settled by the preceding cases "that the mere fact that a person has an opinion does not render him incompetent as a juryman." The rule is, it was added, that an opinion does disqualfy, first, when formed upon personal knowledge, or by a statement of the facts by the witnesses, or by others professing to know the circumstances; secondly, where it is left doubtful whether the opinion is thus grounded or not. And it was held that if the person had formed an opinion, or "made up his mind" from rumor, he was not disqualified. A juror was, therefore, declared competent who said he had formed an opinion from rumor, that he still entertained the opinion, and "that he has a bias on his mind." "It is not the existence of an opinion either way," says Judge Caruthers, "which coustitutes the disqualification, but the grounds upon which it is formed; or it might be speaking more correctiy to say that the law does not regard it as an opinion at all unless it is based upon knowledge, or reliable information of the facts." Judge McKinney dissented. The ruling was adnered to in *Major* v. *State*, 4 Sneed, 598, where the jurors stated that they had formed an opinion from rumor, which they believed, and which opinion they still had. The distinction between opinions from rumor and from facts is further illustrated, upon motions for a new trial based on the alleged incompetency of a juror, in the contrasted case of *Norfleet* v. *State*, 4 Sneed, 340, and *Johnson* v. *State*, 11 Lea, 47.

In *Eason* v. *State*, 6 Baxt., 466, each of the jurors declared to be incompetent by this court, stated that

he had formed and expressed an opinion as to the guilt or innocence of the. prisoner; that his opinion was derived solely from "newspaper accounts," which purported to give the facts but not the testimony; and that if accepted and sworn as a juror he believed that he could render a fair and impartial verdict according to the law and the testimony exclusively, without reference to what he had read. This court pronounced the jurors incompetent, and declared unconstitutional the act of the Legislature of 1871, ch. 51, which undertook to provide that such jurors should not be adjudged incompetent. And Chief Justice Nicholson, in delivering the opinion, commented unfavorably on the course of the trial court in calling on the jurors to say whether they could not render a fair and impartial verdict, citing the remarks of Peck, J., to the same effect in Rice v. State, 1 Yer., 432, alluded to above. In reference to the constitutional right of the accused to an "impartial jury," the Chief Justice considered it to be settled by our decisions that no jurors are impartial "who have formed or expressed their opinions either from hearing the evidence or from hearing others detail it who did hear it, or from conversing with those who professed to know the facts or to give a detail of them, or from hearing such persons in conversation with others giving such details." And he treated the "newspaper accounts" as falling within the disqualifying sources of information, probably because detailed by those who professed to know the facts. Whether this assumption, and the adjudication that the act of the legislature was

unconstitutional are correct, are questions not now before us.

In *Watkins* v. *State*, 1 Leg. Rep., 10, two of the jurors said that they had formed opinions as to the guilt of the prisoner from rumor, without hearing the facts from witnesses; that these opinions were fixed, and that it would require proof to remove them. They were held to be incompetent. Judge McFarland, in delivering the opinion of the court, after referring to some of the foregoing cases, and particularly to the conclusion deduced from them in *Alfred* v. *State*, 2 Swan, 581, said: "Where it appears to the court that the proposed juror has a mere impression of this sort from rumor, and that he can divest himself of this impression, and give the defendant a fair trial according to the evidence, the juror may properly be held competent. But we have recently held that although the opinion be formed upon rumor and not upon hearing the facts detailed, yet if the juror says that nevertheless his opinion is so fixed that it would require proof to remove it, he is not impartial."

The principles settled by these decisions are plain, and seem to have been correctly applied, with some diversity and conflict in the reasoning and *dicta.* All of the cases agree that if a juror has formed an opinion from personal knowledge of the facts, or upon information derived from witnesses, or from others professing to know the facts, he is incompetent. They further agree that if the juror has formed an opinion from mere rumor, not relied on as true, although the opinion may be still entertained, he is competent. If

it is left doubtful whether the opinion was formed from rumors or from disqualifying sources of information, the juror should be rejected upon objection. As a general rule, it is not the existence of an opinion that disqualifies, but the grounds upon which it is formed : and therefore a juror is competent who has an opinion or "bias on his mind" from rumor alone which he still entertains : *Alfred* v. *State*, 2 Swan, 581. On the other hand, if his opinion, although formed from rumor, is so fixed that it would require proof to remove it, he is disqualified : *Watkins* v. *State*, 1 Leg. Rep., 10. And this, although the juror say he could do justice to the prisoner "if the proof turned out differently from rumor": *Moses* v, *State*, 10 Hum. 456.

In the case before us, each of the jurors says he has formed and expressed an opinion as to the guilt or innocence of the defendant from rumor, having heard persons state that he had killed the deceased with a hoe at a road working, without knowing whether these persons were witnesses or not, or had heard the evidence or not; that he had the same opinion still, that it was a fixed opinion, and that it would take evidence favorable to the prisoner to remove it. The opinion may be considered as founded on rumor, yet the fact that it would require evidence favorable to the prisoner to remove the opinion, brings the case within the principle of the two decisions last cited, unless it is taken out by the statement of the juror that he could "disregard that opinion and rely upon the evidence for his verdict." In Watkins' case there was no qualification of the juror's state of

mind which required proof to remove the fixed opin-
ion.   In Moses' case, the juror could only do justice
to the prisoner " if the proof turned out differently
from rumor."   In the present case the juror says he
could " disregard his opinion, and rely upon the evi-
dence for his verdict."   The difference is apparently
slight, but in view of the character of the case be-
fore the court, fundamental.   For all that the juror
had heard was of the act of killing about which there
could be no question, and he might well say that he
could rely entirely upon the evidence for any matter
which might tend to show the character of the killing.
And it may be doubted whether the two preceding
cases have not laid down the general rule a little too
strictly.   The subject is one of growing importance
by reason of the rapid spread of news by modern fa-
cilities of intercourse, and by means of the public press.

If the opinion of the juror be clearly such as
disqualifies him, no inquiry, as we have seen, is per-
missible, whether, notwithstanding his opinion, he will
be governed alone by the evidence.   He should be
rejected at once.   But the rule is otherwise, by all
the authorities, when the opinion is not based upon
that kind of evidence or information which disqualifies.
For, in that event, the state of the juror's mind is the
very point in issue, and the court may properly direct
the inquiry to that point.   The law, as was well said
by Judge Caruthers in Alfred's case, does not regard
what the witness may call an opinion, as an opinion
at all unless it is based upon knowledge or reliable
information of the facts.

The opinion of the juror in the case before us was, as he himself tells us, derived from rumor. And we can see from what he says was told him in this way that the rumor related only to the facts bearing on the very act of killing about which there was and could be no dispute. The defendant did kill the deceased with a hoe at a road-working in the presence of a number of citizens. These facts were never disputed. Now it has been held, and from the most obvious necessity, that a juror does not necessarily have an opinion upon the guilt or innocence of the accused, who believes that a person has been killed, and, in addition, that the person on trial for the crime did the killing, for *non constat*, but that the act was done in self-defense or was accidental: *Lowenberg* v. *People*, 27 N. Y., 336. The killing may be done so publicly that no intelligent man can be found who has not an opinion on that point. And that was precisely the state of affairs in the case before us. If the opinion only go to this extent, no matter how fixed it might be, the trial judge would be justified in holding him competent, the juror himself saying, in effect, that he could impartially try the case upon the law and the testimony.

The juror, it is true, says that it would take evidence favorable to the prisoner to remove the opinion held. But, as very pertinently said by Lewis, P. J., in *State* v. *Barton*, 8 Mo. App., 15: "The fact that it would take evidence to remove an opinion would appear to be only the natural adjunct of every opinion formed upon rumor." And the law, we have seen,

will not treat as an opinion at all an impression or bias of the mind not founded upon the kind of information which is disqualifying. "Light impressions," said Chief Justice Marshall in a famous case, "which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror": 1 Burr's Trial, 416. Unless we make some distinction, and exclude those persons only whose opinions are so fixed as to be pre-judgments, the trial of the most important causes must be left to the most ignorant: *O'Mara* v. *Commonwealth*, 75 Pa. St., 424.

"In these days of newspaper enterprise and universal education," says Waite, C. J., "every case of public interest is almost, as a matter of necessity, brought to the attention of all the intelligent people in the vicinity, and scarcely any one can be found among those best fitted for jurors who has not read or heard of it, and who has not some impressions or some opinion in respect to its merits. It is clear, therefore, that upon the trial of the issue of fact raised by a challenge for such cause the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality. The question thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence.' The finding of the trial court upon that issue ought not to be set aside by a reviewing court unless

the error is manifest. No less stringent rules should be applied by the reviewing court in such a case than those which govern in the consideration of motions for new trial because the verdict is against the evidence. It must be made clearly to appear that upon the evidence the court ought to have found the juror had formed such an opinion that he would not in law be deemed impartial. The case must be one in which it is manifest the law left nothing to the ":conscience and discretion" of the court. * * In considering such questions in a reviewing court, we ought not to be unmindful of the fact we have so often observed in our experience, that jurors not unfrequently seek to excuse themselves on the ground of having formed :an opinion, when, on examination, it turns out that no real disqualification exists. In such cases the manner of the juror while testifying is oftentimes more indicative of the real character of his opinion than his words. That is seen below, but cannot always be spread upon the record. Care should, therefore, be taken in the reviewing court not to reverse the ruling below upon such a question of fact except in a clear case. The affirmation of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside, and it will not be error in the court to refuse so to do ": *Reynolds* v. *United States,* ·98 U. S., 145, 155. The weight of authority is that if the juror's opinion, which is not grounded on disqualifying evidence or information, will readily yield

to the evidence presented in the case, he is not incompetent: Thomp. & Mer. on Juries, sec. 208.

We are of opinion, upon the facts of this record, that there is no reversible error in the ruling of the court complained of upon the competency of the jury.

It is also insisted that the trial court should have granted a continuance, upon the affidavit of the defendant, on account of the absence of two witnesses. But both of these witnesses were expected to prove threats made by the deceased to kill the defendant, and that the threats were communicated to him before the killing. The same facts were proved by several other witnesses, and were uncontradicted. One of these witnesses, the affidavit says, would prove improper conduct on the part of the deceased at defendant's house, and to his wife, which were also communicated to him. But the same facts were deposed to by another witness, the mother of defendant's wife, who was examined, and were not contradicted. And none of the proof, unfortunately for the defendant, tended in the least to change the facts immediately relating to the killing. They only established a motive for the defendant's enmity to the deceased, without mitigating the act itself. The proof is clear, and there is no conflict in it, that the defendant, the deceased, having committed no overt act of hostility towards him, and no word having passed between them, stepped up behind the deceased, and struck him over the head with a deadly weapon, breaking his skull, and again striking him over the head when down, from

29—VOL. 12.

which blows death speedily ensued. The facts would have sustained a verdict for the higher grade of homicide.

There is no error in the judgment, and it must be affirmed.