[No. 6458. Decided February 18, 1907.]

MARY HODD, *Respondent*, v. THE CITY OF TACOMA, *Appellant.*[1]

APPEAL — REVIEW — HARMLESS ERROR — DAMAGES—EVIDENCE—EXPERTS. It is not prejudicial error to allow a physician to testify that, in his opinion, a femoral hernia resulted from a fall, when the other evidence was amply sufficient to warrant the jury in finding that the same resulted from such fall.

DAMAGES — EVIDENCE — PERSONAL INJURIES — MORTALITY TABLES. In an action for personal injuries, mortality tables showing plaintiff's life expectancy are admissible in evidence where the plaintiff's evidence tended to show that the injuries were permanent.

WITNESSES—CHILDREN—NECESSITY OF OATH. It is error to permit a child under ten years of age to testify without first being sworn, Bal. Code, § 5993, providing that such witnesses shall not be competent if they appear incapable of receiving just impressions of the facts.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In an action for personal injuries, it is harmless error to permit the plaintiff's child, seven years of age, to testify, without being sworn, that she was not on a street car going to a park with plaintiff at a certain time after the accident, as claimed by a witness for defendant, when it was conceded that the plaintiff was able to and did travel in street cars to visit her physician at the time in question.

DAMAGES—EXCESSIVE VERDICT—PERSONAL INJURIES. A judgment for $5,000 for femoral hernia resulting from a fall upon a sidewalk will not be set aside as excessive, where the plaintiff was compelled to undergo two operations, no physical examination was requested by the defendant, and the testimony of plaintiff's physicians that the injuries were permanent was substantially undisputed.

[1]Reported in 88 Pac. 842.

Appeal from a judgment of the superior court for Pierce county, Linn, J., entered June 16, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

C. M. Riddell, R. E. Evans, and J. W. Quick, for appellant.
Boyle & Warburton, for respondent.

CROW, J.—This action was brought by the plaintiff, Mary Hodd, to recover damages for personal injuries sustained by her in falling upon a defective sidewalk in the city of Tacoma. On trial the jury returned a verdict in her favor for $5,000, and from the final judgment entered thereon, this appeal has been taken.

Almost immediately after the accident, the respondent was removed to a hospital and subjected to an exploratory surgical operation for inguinal hernia. A few weeks later, it was discovered that she was suffering from a femoral hernia, requiring a second operation, which was then performed. One of the attending surgeons was, over appellant's objection, permitted to testify that, in his opinion, the hernia last mentioned might have resulted from respondent's fall on the sidewalk, and appellant now contends that the trial court erred in admitting such testimony. We think that, in the light of the entire record, there is no merit in this contention. The respondent's previous good health, the circumstances of the accident, her condition immediately thereafter, and the history of her injuries and treatment up to and including the time of the second surgical operation, were fully detailed to the jury. It is not seriously disputed that the first operation was performed immediately after the accident; that she was confined in the hospital for six weeks thereafter, and that as soon as she attempted to stand on her feet it became apparent that a second operation for femoral hernia was necessary. The respondent's claim to perfect health

prior to the accident has not been assailed, and the evidence, aside from that now complained of, was amply sufficient to warrant the jury in finding, as it undoubtedly did, that her condition, including the second hernia, resulted from her fall on the defective sidewalk. We fail to see how the ruling of the trial court could have been prejudicial.

The respondent was permitted to introduce in evidence a mortality table showing her life expectancy, and the appellant now assigns error thereon. Although in actions for personal injuries, mortality tables showing a plaintiff's life expectancy are inadmissible where it clearly appears that the injuries are not permanent, yet the authorities hold that such tables are admissible where the injuries complained of are of a permanent character. In this case the respondent contended that her injuries were permanent, and offered competent evidence in support of such contention. If this evidence was to be accepted and believed by the jurors, it was proper for them to know her probable life expectancy so that they might act advisedly in awarding damages. To hold that the tables should not have been admitted would have required the trial court to weigh the evidence and determine in advance of the verdict whether the injuries were permanent, but the determination of this issue was within the exclusive province of the jury. The mortality tables were properly admitted.

During the trial the appellant produced a witness who testified that a short time prior thereto, she had seen the respondent, accompanied by Winifred Hodd, her six-years old daughter, traveling towards Point Defiance park on a street car. This statement was denied by respondent, who also offered her daughter Winifred as a witness. Whereupon the following took place:

"Mr. Boyle: How old are you? The Witness: I am going on seven years old. Mr. Boyle: I think this little girl is too young to have the oath administered. I would like to have her testimony given without the administering of the oath. Mr. Quick: We object to that. We object to

her testifying until she has qualified under the law. The Court: Do you know what an oath is, little girl? The Witness: No, sir. The Court: You do not know what it means? The Witness: No, sir. The Court: The objection may be overruled, and she may give her statement and the jury can give it such weight as they believe it is entitled to. Mr. Quick: Let the record show that we object, and that our exception is noted to the ruling of the court."

Thereupon, the child, without being sworn, testified that she was not on the street car going to the park with her mother on the day mentioned, but that she was then on the car with another lady.

The appellant now contends that the trial court committed prejudicial error in permitting the child to testify when not under oath. There is no statute in this state permitting a child to testify without being first sworn, while Bal. Code, § 5993 (P. C. § 939), provides that children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, shall not be competent to testify. Assuming that this child was competent under the statute, then she should have been sworn. On the other hand, if she was not competent, she should not have been permitted to testify at all. The trial court committed technical error in permitting her to testify without being sworn. It is, however, the duty of appellate courts to refrain from ordering the reversal of a judgment for error not clearly prejudicial. In view of the entire record now before us, we fail to understand how this technical error could have been, or was, prejudicial in the least degree. The appellant was seeking to show that the respondent had been seen traveling on a street car going towards Point Defiance park shortly prior to the trial, doubtless for the purpose of showing her physical condition. While it is true that she denied making this particular trip, it appears from other portions of the record that she herself had previously

testified that she had on several occasions made other trips on street cars into the city of Tacoma, to visit and consult her physician. There could be no dispute as to her ability to travel in that particular manner, and we fail to see how the result in this case could have been changed even though the child had not been permitted to testify, and the respondent had in fact been seen on the street car going towards the park. No one testified that she was seen at the park. It was an admitted fact that on other occasions she could, and had, traveled on street cars. To reverse a judgment under such circumstances would be to do so for error technically erroneous but not prejudicial.

Appellant contends that the respondent's injuries were not permanent and that the verdict and judgment are excessive. We are unable to find anything in the record that would warrant us in so holding. Respondent's physicians gave testimony tending to show that some of her injuries were permanent. The appellant did not ask for the appointment of any commission of physicians to examine respondent and report upon her condition, and the testimony of her own physicians stands without substantial dispute. Under these circumstances we think the judgment should not be disturbed. The entire record shows that the appellant has been granted a fair and impartial trial, and that no prejudicial error has been committed. The judgment is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, ROOT, DUNBAR, and FULLERTON, JJ., concur.