THE PEOPLE *v.* COLL.

APPEAL from the District Court of Guayama.

No. 407.—Decided May 9, 1912.

CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—STATEMENT OF CASE—APPROVAL OF.—According to section 298 of the Code of Criminal Procedure only the trial judge and the Supreme Court are empowered to settle a bill of exceptions or statement of the case for the purpose of an appeal. A judge who succeeds the judge who presided at the trial has no jurisdiction to settle said documents. A statement of the case or bill of exceptions signed and settled by the district judge who is not the one who presided at the trial lacks authenticity and has no legal effect on appeal.

ID.—APPEAL—STATEMENT OF CASE—BILL OF EXCEPTIONS—SUPREME COURT RULE.—Rule 65 of the Supreme Court was adopted for civil cases and criminal matters are governed by section 298 of the Code of Criminal Procedure.

ID.—APPEAL—BILL OF EXCEPTIONS NOT AUTHENTICATED—CHALLENGE OF JUROR—STRIKING OUT TESTIMONY OF A WITNESS.—The statement of the case and bill of exceptions presented on appeal not having been signed and settled by the judge who presided at the trial but by the judge who succeeded him in office lack the required authenticity and therefore this court cannot pass upon the grounds of appeal that the trial court refused to sustain the challenging of jurors and the motion to strike out the testimony of a witness.

ID.—APPEAL—STATEMENT OF CASE AND BILL OF EXCEPTIONS—OBJECTION BY FISCAL.—The fact that the bill of exceptions and statement of the case, settled by a judge who did not preside at the trial without objection on the part of the *fiscal* or the defendant, have been presented to the Supreme Court does not oblige this court to accept them as legal nor to give them a value which they do not possess.

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *Herminio Díaz Navarro* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of court.

In the District Court of Guayama the *fiscal* of said court, on February 3, 1911, filed a sworn accusation against Andrés Coll y Drós, charging him with the crime of murder, committed as follows:

"That the said Andrés Coll y Drós, on February 2, 1911, in the city of Guayama, within said judicial district, illegally and wilfully, with malice aforethought, and with deliberate and fixed purpose, and showing a perverted and malignant heart, killed Antonio Castillo Alvarez by firing a revolver at him three times and inflicting upon him three wounds of a serious nature which caused his death, he having lain in ambush for him for a long time and having treacherously attacked him in the back."

The case was tried before the court and a jury on the 28th and 29th of April of said year, and after hearing the evidence introduced, the allegations of the parties, and the instructions of the court to the jury, a verdict was brought in finding the defendant guilty of the crime of murder in the second degree.

Before judgment was pronounced by the court a motion for a new trial was filed by the attorney for the defendant, alleging as errors committed in the course of the trial the following:

"(a) In disallowing the challenge for cause against the juror, Angel Pacheco, who repeatedly testified that he knew that the defendant had committed the crime with which he has been charged and that he had formed an opinion as to the guilt or innocence of the defendant.

"(b) In making the following remarks when the court disallowed the challenge for cause against Pacheco: 'We all understand that the defendant committed the crime charged, but the question for the 12 members of the jury is as to how it was committed, and whether it was done with malice, the circumstances thereof, and everything else.'

"(c) In disallowing the challenge of the juror, Federico Amadeo, notwithstanding the fact that this juror had testified several

times that in case of doubt he would not give the defendant the benefit of the same, and notwithstanding, also, that he had formed an opinion of the guilt of the defendant.

"(*d*) In disallowing the challenge of the juror, Jorge Grau, in spite of the manifest partiality of the same against the defendant.

"(*e*) In not striking from the record the testimony of the witness for the prosecution, Manuel Ortiz, as requested by defendant, upon the ground that said testimony was given without the witness being sworn; wherefore the court then ordered that he should be sworn, and he then stated that what he had testified was the truth, but he was not required to give his testimony all over again, as should have been done in order to make him liable in case of perjury."

The following decision was made by the court upon the motion for a new trial filed by the defendant:

"The petition for a new trial filed by counsel for the defendant in this case is denied on the following grounds: 1. Because the court does not consider that error has been committed in disallowing the challenge for cause of the juror, Federico Amedeo. 2. Because the court does not consider, either, that any error has been committed in disallowing the challenge for cause of the juror, Angel Pacheco. 3. Because it does not consider that any error has been committed in disallowing the challenge of the juror, Jorge Grau. 4. Because the court has not committed any error in allowing the witness for the prosecution, Manuel Ortiz, who had testified without being sworn, to come into court and take the oath under which he stated that what he had already testified was the truth, the whole truth, and nothing but the truth. It appears from the record that said witness, through somebody's negligence, did not take the oath jointly with the other witnesses testifying in said cause and that he testified without being sworn; but the attention of the court having been called to that fact before the case was submitted to the jury, and considering that it was a negligence that could be corrected, the court allowed the witness to come into court and to take the oath already referred to. Wherefore, no other reasons existing to the mind of the judge upon which the motion for a new trial filed by the attorney for the defendant in this case could be granted, it is, and is hereby, denied, and the defendant is required to appear before this court to-morrow, the 16th instant, to receive his sentence upon the verdict of guilty brought in by the jury. Guayama, May 15, 1911. H. P. Leake, District Judge."

Judgment was pronounced on the date set for it, and the defendant was condemned to life imprisonment in the penitentiary at hard labor, with costs.

On May 17 the attorney for the defendant took an appeal from the judgment, and on the 22d of said month appealed from the decision denying the motion for a new trial.

On said May 17 counsel for the defendant requested from the court an extension of 20 days from the date of the delivery to him of the record of the case by the stenographer to present a statement of the case for the appeal taken to the Supreme Court from the judgment rendered and from the order denying the motion for a new trial. That extension was granted, as requested by him, by an order entered on the same day and signed by H. P. Leake, acting district judge.

The record contains a bill of exceptions which does not show by whom drawn because it is not signed by any attorney, and ends with the following words: "Approved, H. M. Hutchison, Judge." Said bill of exceptions bears no date.

The record also contains a statement of the case signed by Francisco Cervoni and Cay. Coll y Cuchí, attorneys for the defendant, which statement has the following note: "Approved November 17, 1911. H. M. Hutchison, District Judge."

As may be seen, both the bill of exceptions and statement of the case were approved by the district judge of Guayama, H. M. Hutchison, who took no part in this trial. His appointment as judge of the District Court of Guayama was made on July 1, 1911, to take effect September 1 of the same year, and on this latter date he took charge of his office.

Now, then, the attorney for the defendant and appellant bases his appeal on the ground that some challenges of jurors for cause were disallowed, and upon the refusal of the court to strike from the record the testimony of the witness, Manuel Ortiz, who had testified without being sworn and who was not required to testify again under oath as the court thought it sufficient to correct this error that the witness should be sworn,

and stated that what he had testified to was the truth. These also are the foundations of the petition for a new trial, which was denied by the court below.

Our question now is: Can we examine the grounds of this appeal based upon the bill of exceptions and the statement of the case contained in the record and which were not approved by the trial judge?

To this question we answer in the negative.

Section 296 of the Code of Criminal Procedure provides that exceptions may be taken by either party to the decision of the court or judge upon a matter of law, and on other grounds for granting or refusing a motion for a new trial; and section 297 provides for two further grounds of exception different from the four grounds mentioned in section 296.

In order to consider and decide on appeal the exceptions referred to in the foregoing sections, they must be included in a bill of exceptions, which, in accordance with the provisions of section 298, have to be approved and signed by the trial judge. Said section ends as follows: *"Si el juez que presidiere el juicio cesare en el ejercicio de su cargo antes de presentarse o resolverse la declaración de excepciones, esto no será óbici para que resuelva dichas excepciones, y si dejare de hacerlo, podrá la parte irse en alzada a la Corte Suprema para que la resuelva, según lo prescrito en este artículo."* (If the judge who presided at the trial ceases to hold office before the bill of exceptions is presented or passed upon, he may, nevertheless, pass upon said exceptions, and if he should fail to do so the party may apply to the Supreme Court to pass upon them, in accordance with the provisions of this section.)

The paragraph hereinabove transcribed is not a true translation of the English text, which reads as follows: "If the judge who presided at the trial ceases to hold office before the bill is tendered or settled he may, nevertheless, settle such bill or the party may, as provided in this section, apply

to the Supreme Court to prove the same," and its literal translation would be as follows: "*Si el juez que presidió el juicio cesa en su cargo antes de que el pliego de excepciones sea presentado o aprobado, puede, sin embargo, aprobar tal pliego, o la parte puede, según se dispone en este sección, pedir a la Corte Suprema que lo apruebe.*"

In view of such a conclusive provision of the law the Judge of Guayama, H. M. Hutchison, who approved the bill of exceptions, did not have jurisdiction to approve it because that jurisdiction is only granted by law to the judge who presided at the trial or to this Supreme Court, but never to the successor in office of the trial judge.

What has been said about the bill of exceptions is also applicable to the statement of the case.

We do not think that the action of Judge Hutchison, of Guayama, can be upheld by the provisions of rule 65 of the Rules of this court, which were promulgated for civil cases by virtue of the powers conferred upon this Supreme Court by section 219 of the Code of Civil Procedure. In criminal cases the statute should control, which we can neither repeal nor amend.

It cannot be argued that the order refusing a new trial as a part of the record nor the facts stated therein by the judge who presided at the trial may serve as a foundation for this court to pass upon the exceptions taken, because the law specifically provides the manner and form of presenting said exceptions to our consideration, and the rules of procedure, which are of a public character, cannot be left to the option of the parties to be complied with.

It is true that the bill of exceptions and the statement of the case, approved by a judge who did not preside at the trial, have been submitted to us without any objection on the part of the *fiscal* or the defendant, but that lack of objection cannot bind us to accept them as legal nor give them a force which they lack.

The bill of exceptions and the statement of the case must

be approved and signed by the judge. In the present case there was a judical order approving them but the same was signed by a judge who was without jurisdiction to approve them, and the result is the same as if they had never been approved.

The bill of exceptions and the statement of the case contained in the record are documents which lack authenticity, and therefore they cannot serve us as a basis to pass upon the grounds of this appeal.

We have examined the accusation and the judgment but we cannot examine the instructions to the jury because they are not authenticated by the signature of the judge; and we find that the accusation is well made and contains all the essential elements of the crime of murder in the second degree, of which the defendant was found guilty by the jury, and we also find that the punishment inflicted was strictly within the bounds of law.

The appeal should be dismissed and the sentence appealed from, affirmed.

*Affirmed.*

Mr. Justice Aldrey concurred.

Justices Wolf and del Toro delivered a separate concurring opinion.

Mr. Justice MacLeary dissented.

CONCURRING OPINION OF MESSRS. JUSTICES WOLF AND DEL TORO.

Mr. Justice del Toro and myself, while concurring entirely with the opinion of the court, desire also to express other reasons for affirming the judgment. The alleged bill of exceptions marked "approved" by the present judge of Guayama contained a challenge for cause and a consequent exception against juror Amadeo, because, when he was asked if a reasonable doubt should arise whether the defendant had inflicted the fatal shot if he would give the defendant the benefit of the reasonable doubt, he replied that he would not.

The bill, which is quite confused, then shows—apparently all concerning the same juror—that he insisted in this attitude although questioned by the judge; but the bill also shows that the judge remarked that the juror had said that he was in condition to give a just and impartial verdict. The challenge was general and gave no reasons, and the authorities hold that a challenge is insufficient which does not specify the grounds. *People* v. *Reynolds,* 16 Cal., 131; *Southern Pacific Co.* v. *Rauh,* 49 Fed., 701, and cases cited; *Robinson* v. *Territory,* 85 Pac., 451. The failure so to specify is similar to the failure to object specifically to the admission or rejection of evidence. The party who fails to object waives whatever error there may be that is subject to proper objection and exception. *Falero* v. *Falero,* 15 P. R. R., 111; 16 P. R. R., 76; *People* v. *Asencio,* 16 P. R. R., 337.

Furthermore, it is not enough to challenge a juror because he has formed a fixed opinion on a fact or feature of the case. The juror must have an opinion of the guilt or innocence of the defendant or a bias or a prejudice against him. In a very early case in New York the court, through Justice Beardsley, said: "Every challenge for principal cause must be for some matter which imports absolute bias or favor, and leaves nothing for the discretion of the court." In *Lowenburg* v. *People,* 27 N. Y., 342, the juror, Durant, was challenged for principal cause on the ground that he had formed or expressed an opinion as to the guilt or innocence of the prisoner, but the most that was established against his competency was that he had formed an opinion that the prisoner killed Hoffman, which he had never expressed. The court goes on to say: "This was not an opinion as to the guilt or innocence of the prisoner. He might have killed Hoffman and still been innocent of any criminal offense." The court then discusses the opinion of Mr. Justice Beardsley and says: "Within this rule, the ground of challenge to Durant was not proved. Before it could be said it was established, the proof must have been that he had formed and expressed an opinion as to the

guilt or innocence of the prisoner, or at least that he had formed such an opinion.

"It is clear that the forming of an opinion that the prisoner had done one act necessary to be shown, among others, in order to convict him, was not the forming of an opinion that he was guilty of murder or of any other crime."

The same question has been discussed by Mr. Freeman in his notes to Smith v. Eames, 36 Am. Dec., 530-531. He says, reviewing the cases: "An opinion formed upon one or more of the material facts of a case certainly ought not to disqualify a juror unless it plainly appears to be of such a nature as to influence the juror in determining upon his verdict upon the whole case. Thus, in a murder case it is unquestionably a material fact that there should have been an unlawful killing, and yet it would be absurd to say that a juror who believed or even knew that the deceased had been killed should be deemed disqualified, although he had formed no opinion as to the guilt or innocence of the accused."

In Conatser v. The State, 80 Tenn., 446, the court said: "The defendant did kill the deceased with a hoe at a road working in the presence of a number of citizens. These facts were never disputed. Now it has been held, and from the most obvious necessity, that a juror does not necessarily have an opinion upon the guilt or innocence of the accused, who believes that a person has been killed, and, in addition, that the person on trial for the crime did the killing, for non constat, but that the act was done in self-defense or was accidental. Lowenburg v. People."

In the case at bar the killing was a public one and everybody in Guayama knew of it, as the comments made by the judge and copied into the alleged bill of exceptions show. We believe that the tenor and effect of the rulings complained of would have appeared more clearly from the bill if it had been inspected and corrected by the judge who tried the case.

Similarly, it was proposed to review the action of the court upon a motion to strike out the testimony of the witness, Or-

tiz, because he was not first sworn before testifying. The only way in which this alleged error appears in the record is in the motion for a new trial and the decision of the court thereon. There it appears that on the court's attention being drawn to the fact that Ortiz was not sworn along with the other witnesses, he was recalled and then sworn. Nothing in the papers before us shows whether the witness was reexamined after swearing. There was no objection or exception taken to the action of the court in swearing the witness. We have, in this same opinion, discussed the necessity for specific objections and exceptions. The reason for acquiring objections and exceptions, in general, is almost self-evident. The court must have an opportunity to correct. There must be an end of litigation. When a defendant sits silent and permits the witness to be sworn afterwards without objection, he waives the error. After the witnesses have been discharged he cannot urge what took place as error if he suffered it silently at the trial. This would follow from the consideration and review of cases contained in the case of *People ex rel. Niebuhr* v. *McAdoo,* 184 N. Y., 307. If the defendant said to the court that in this way the witness might escape the pains and penalties of a prosecution for perjury, the court, if convinced of the soundness of defendant's position, or otherwise, could have permitted the witness not only to be resworn but to be reexamined. The error, if any, was waived. A specific decision to this effect is contained in the case of *Southern Railway Co.* v. *Ellis,* 51 Southeastern, 594. See also *Nesbitt* v. *Dallam,* 28 Am. Dec., 240-241.

It is very questionable, besides, if the witness, Ortiz, swearing falsely, could have successfully resisted a prosecution for perjury on the ground that he was not sworn before being examined. Section 117 of the Penal Code provides as follows:

"Sec. 117. Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer or person, in any of the cases in which such an oath may oy

law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury. It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner.''

This is the same section and from the same chapter that is applicable also to affidavits and. depositions. In these modes of. taking the testimony of witnesses the oath frequently follows rather than precedes the statement. The three modes are set out in sections 123, 124, 125 and 126 of the Law of Evidence, Laws of 1905, page 94. . Under that law there is no point in time fixed for the oath under any of its various manners. Take the position of the witness, Ortiz: Even if he had been desirous of bearing false testimony, and was so cunning as to believe that the failure to swear him would give him such an opportunity regardless of the terrors of the law, his situation would have been materially altered when called upon to swear that what he had stated was true. He would then have had a *locus penitentiae,* so to speak, and could have asked for a reexamination. Failing to do so he would seem to remain bound by the solemn oath of the truth of his statements, and could hardly be heard to set up the particular time when his oath was taken in his own defense where his testimony, if material, could have affected the life or liberty of a fellow citizen.

However, the opinion of the court overruling the motion for a new trial forms no part of the record. It is true that section 356 of the Code of Criminal Procedure, as amended by the Law of 1908, requires that a copy of the motion for a new trial .and the court's decision thereon upon appeal be certified by the secretary, but this provision does not make the opinion connected with the decision a part of the record for the purpose of reviewing the facts. It is the office of a bill of exceptions or a statement of the case to raise the questions of fact and make them part of the record. We have had occasion to consider this matter in the following cases: *People* v. *Acosta,* 11 P. R. R., 240, and *People* v. *Sutton,* de-

cision of this court of March 31, 1911. See also the following cases: *Morgan* v. *Robinson Co.*, 157 Cal., 348; *Porter et al.* v. *Industrial Printing Co.*, 26 Mont., 170; 3 Cyc., 181-182.

Here, again, the particular question that we have been discussing and exactly what took place would have been more definitely known to us if the judge who tried the case had had an opportunity to review the facts by a bill of exceptions or a statement of the case duly presented to him. It is for these reasons that we agree that the true ground of the judgment of this court is a lack of a proper basis for review, namely, a bill of exceptions or statement of the case certified by the presiding judge. Furthermore, we are satisfied, from the inspection of the entire record, that the defendant suffered no injury by any action of the court below. He took the stand himself and based his defense entirely upon the fact that at the time of the killing he was not entirely responsible by reason of his being temporarily out of his mind (*obsecación*).

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

The appellant in this case was prosecuted in the District Court of Guayama on an information presented in said court charging him with the crime of murder because, as is alleged, on February 2, 1911, in the city of Guayama the defendant unlawfully and voluntarily and with malice aforethought and a resolute and deliberate intention, showing an abandoned and malignant heart, killed Antonio Castillo Alvárez by discharging his revolver three times at him, thereby causing him three wounds of a serious nature, which produced his death, the defendant having been lying in wait for a long while and treacherously assaulting him behind his back.

The trial of the case took place before Harry P. Leake, Esq., special judge of the said court, and a jury, on April 28 and 29 of said year 1911. After hearing the information, the plea of not guilty on the part of the defendant, the evidence introduced, and the instructions of the court, the jury ren-

dered its verdict finding the defendant guilty of murder in the second degree, and thereupon the court sentenced him to the punishment of imprisonment for life in the penitentiary.

Before the court rendered its decision the defendant presented a motion for a new trial, which was overruled by the court, and after sentence the defendant appealed both from the judgment and from the order overruling the motion for a new trial. A bill of exceptions and a statement of the case, as well as a copy of the order and decision of the court in overruling the motion for a new trial, are set out at length in the transcript.

This Supreme Court, by a majority of the justices, affirmed the judgment of the court below on the ground that the instructions of the trial court to the jury could not be examined because they were not authenticated by the signature of the trial judge; and, further, that the bill of exceptions and the statement of the case were not approved and signed by the judge who tried the case, but by another judge who was subsequently appointed as judge of the same court; and because the order denying the motion for a new trial, although under the statute it forms part of the record, could not serve as a guide in discussing the exceptions, and, in so far as the facts stated therein were concerned, it formed no part of the record. In other words, the defendant was refused a review of the questions arising on the trial of his case because the same were not properly presented to this court, and on account of certain technicalities the instructions given to the jury as well as the bill of exceptions and the statement of the case were virtually excluded from the record.

I do not propose to review the whole case in all its details, but will lightly pass over many points presented in the transcript and elaborated in the briefs of counsel and insisted upon in the oral argument made at the hearing. For example, no notice will be taken of the fact that, according to the transcript and the list of jurors appearing therein on page 16 of the record, only 11 men sat on the jury in this case.

Though it cannot be ascertained from the record it is probable that, in point of fact, the jury consisted of 12 men, and one name was inadvertently omitted in copying the list into the record. If it were really true that the defendant was tried before a jury consisting of 11 men only, it would have been a serious and perhaps a fatal error.

On carefully reviewing the charge of the court it is found to be not entirely free from defects. For instance, the trial judge should not have referred in the terms used to the Supreme Court and the Governor in the body of his charge, but should have contented himself with instructing the jury that it was their duty to pass upon the guilt or the innocence of the accused, and that the law placed the responsibility of fixing the amount of the punishment upon the trial judge; but this and other improprieties which may be shown by the charge were not material and may not have affected the verdict of the jury, though it may be that the decision rendered was influenced thereby. No one can tell.

The exceptions taken to the overruling of the challenges made to the three jurors who were afterwards challenged peremptorily will not be considered here, because it is not necessary to discuss the questions presented therein, although I am not entirely satisfied that the bill of exceptions and statement of the case, having been approved by the judge of the district court who was in office at the time the same were presented without objection having been made by anyone thereto, were not properly a part of the record. In other words, I do not regard the question as to the authority of the present judge of the District Court of Guayama to approve a bill of exceptions taken to the rulings of his predecessor as being jurisdictional, and I think that his action in the matter was merely irregular, and, in the absence of objection, should be received without question. The challenges to the jurors and the rulings thereon are very briefly stated in the order of the trial court overruling the motion for a new trial, and if considered with reference to that document alone

could not be held erroneous. If these challenges and the orders overruling them could be considered in the light of the bill of exceptions and the statement of the case, they certainly show substantial errors prejudicial to the rights of the acused; but as I rest my dissent mainly on another proposition, these matters will not be elaborated.

The admission of the testimony of Manuel Ortiz, which was given without the sanction of an oath, is the main reason which I have for dissenting from the opinion of the court and the judgment in this case affirming the conviction had in the lower court. It is a well-settled principle of criminal law, not only in America but throughout the world, that a defendant prosecuted for a crime is entitled to a fair trial, and that a verdict and judgment of conviction, however just,. should be above all suspicion as to its impartiality and should be entirely compatible with the correct, just, and pure administration of the law. *Long* v. *State,* 10 Tex. Court of Appeals, 186.

This court refused to consider the question of the legality and propriety of the testimony given by the witness, Ortiz, because it is held that it was not properly presented in the bill of exceptions and the statement of the case, and on the ground that the order overruling the motion for a new trial, which is set out in the transcript, though it formed under our statute a part of the record, could not be considered as such for the purpose of reviewing this error. I cannot agree to so narrow a construction of the statute law. To do so would be to nullify the will of the legislature. According to my view the facts set out in the order overruling the motion for a new trial must be considered as a part of the record for all purposes, notwithstanding some of them do not appear included in the bill of exceptions or in the statement of facts. Section 356 of the Code of Criminal Procedure, as amended by the law set forth in Session Acts of 1908—page 90 of the English edition and page 56 of the Spanish edition—which

act was passed on March 7, 1908, makes the record in this court to consist of the following documents, to wit:

"First, the information; second, defendant's pleading; third, the court's instructions to the jury, should trial be a jury trial; fourth. instructions refused, if any; fifth, the verdict; sixth, motion for a new trial, if any, and the court's decision; seventh, judgment and sentence; eight, bill of exceptions, if any; ninth, statement of facts, if any; tenth, notice of appeal; eleventh, clerk's certificate stating that the copy is a true one of the originals existing in the archives of the court."

The motion for a new trial and the court's decision thereon (sixth) are just as much a part of the record as the bill of exceptions (eighth) and the statement of facts (ninth). They are all made so by this statute, and unless they were so made a part of the record none of them could be considered by this court. In makng the decision of the court on the motion for a new trial a part of the record no limitation is placed by the law upon the use which is to be made thereof, and it is difficult to see what use could be made of it unless it was taken into consideration by this court in reviewing the trial had in the court below. Laws relating to criminal procedure should be construed fairly and liberally like other laws, and should not be given such a narrow interpretation as to deprive the accused of his rights to a fair trial and the review of any errors which may have been committed by the trial court in his conviction. The great object of all canons of construction and the maxims of interpretation founded thereon is to discover the true intention of the law expressing the will of the lawgiver. I Kent's Com. (6th Ed.), 468; Endlich. Int. Statutes, secs. 8 and 295; *Parkinson* v. *State,* 14 Md., 184; 74 Am. Dec., 529; *People* v. *Weston,* 3 Neb., 319. Le Roy *ex parte,* decided at chambers on August 12, 1911, and cases cited in the opinion. Then, taking the decision of the court overruling the motion for a new trial to be a part of the record, as it undoubtedly is if the statute remains in force, let us examine that decision and see what facts appear therefrom.

As stated in the record, the order of the trial court in overruling the motion for a new trial reads as follows:

"In the District Court for the Judicial District of Guayama, Porto Rico. *The People of Porto Rico* v. *Andrés Coll y Drós.* Murder. The motion for a new trial presented by the defendant's counsel in this cause is denied for the following reasons: 1. Because the court is of the opinion that no error was committed in denying the challenge for cause of the juror, Federico Amadeo. 1. Because the court neither thinks that an error was committed in denying the challenge for cause of the juror, Angel Pacheco. 3. Because the court considers that no error was committed in not giving consideration to the challenge made of juror, Jorge Grau. 4. Because no error was committed in permitting the witness of the prosecution, Manuel Ortiz, who had testified without taking any oath, to return to the court room and testify under oath that what he had stated was the truth, all the truth, and nothing but the truth. It appears from the record that said witness, due to the negligence of some person, did not take his oath together with the other witnesses who testified at the trial, and that he testified without taking any oath; but the court's attention having been called to the matter before the case was submitted to the jury, and considering that said negligence could be corrected, the court permitted the witness to appear again at the court room and take the oath referred to. Therefore, and there not appearing in the judge's opinion any other reasons to sustain the motion for a new trial presented by the defendant's counsel in this case, the same was thereupon dismissed, and the defendant must appear to-morrow, the 16th of the current month of May, to hear the judgment to be rendered in view of the verdict of guilty pronounced by the jury. Guayama, May 15, 1911. H. P. Leake, District Judge."

It is said that "nothing in the papers before us shows whether the witness was reexamined after swearing." Certainly, if he had been reexamined the district court would have so stated in the order which we have quoted at length, and from his silence on that subject it is a fair inference that no reexamination of the witness was made. The district judge states that the witness, Ortiz, testified without taking any oath, and that he attempted to cure this defect by recalling the witness and requiring him to take an oath "that what

he had stated was the truth, all the truth, and nothing but the truth,'' but no statement is made that the witness was reexamined, and as it clearly appears from the statement made by the trial judge, he certainly was not. The witness, Manuel Ortiz, was a storekeeper in whose store Coll, the defendant, was seated while waiting for Castillo to pass, according to the appointment which he had made with him previously; and it was from the door of this store that the shots were fired. The witness testified to the essential facts of the killing, and his testimony was most certainly material. The law requires the testimony of a witness in all criminal cases, and above all it may be inferred where the life of the defendant is at stake, to be given under the sanction of an oath after he is sworn to tell the truth, the whole truth, and nothing but the truth; and unless the testimony is so given it is not legal testimony and should not be considered by the jury in making up their verdict. A conviction had upon testimony given without swearing the witnesses is *ipso facto* null and void. *State* v. *Smith,* 78 N. C., 462; *Hawks* v. *Baker,* 6 Greenleaf, 72; 19 Am. Dec., 192; *State* v. *Tom,* 8 Ore., 181; *State* v. *Lowry,* 24 So. East Rep., 562; *Hodd* v. *City of Tacoma,* 88 Pac. Rep., 842; *Jackson* v. *Parkhurst,* 4 Wendell, N. Y., 373; 40 Cyc., 2410 *et seq.,* and cases cited.

It is useless to say that no objection was made to it at the time the witness testified. The fact that he had not been sworn with the other witnesses when they were all sworn at the same time did not transpire until after he had testified and left the court, and the omission escaped even the vigilance of the trial judge. The objection was made in time—when the motion to strike out his testimony was presented to the court—and again repeated on the motion for a new trial, thus affording the trial court two opportunities to correct the error into which it had fallen. The failure to make such a correction was certainly a prejudicial error.

Where a witness has inadvertently testified without being sworn the proper practice is to recall him to the stand, have

him properly sworn to tell the truth, the whole truth, and nothing but the truth, and then reexamine him in the presence of the court and jury in regard to the same matters about which he had previously testified without the sanction of an oath, and in regard to other matters if so desired. Cases previously cited. It cannot be properly held that the errors and irregularities made by the court in the admission of the testimony of the witness, Ortiz, were harmless or immaterial. They were certainly very important and prejudiced the case of the defendant before the jury and tended to influence their verdict, which was rendered against him. In fact, from all that appears in the statement of facts, had the testimony of Ortiz been excluded from the record it is very doubtful whether enough would remain to support a judgment of conviction. See record *in extenso.*

Under all the circumstances of this case as shown by the transcript presented here, the order overruling the motion for a new trial was seriously and gravely erroneous and should have caused a reversal of the judgment rendered by the court below. The case should be remanded to the District Court of Guayama for a new trial, in strict accordance with the provisions of our Criminal Code and the general principles of law recognized throughout the United States.