STATE OF MISSOURI, Respondent, v. WILLIAM BARTON, Appellant.

### November 4, 1879.

1. To warrant a change of venue, there must be evidence of such prejudice as would prevent an impartial trial. Editorials in a county newspaper are not competent to establish such, a prejudice.

2. That a juror has, from rumor, formed an opinion which it will take evidence to remove, does not disqualify him.

3. The provision of the statute for sentencing a minor under sixteen years of age to the county jail applies only to cases where the original penalty is imprisonment in the penitentiary, and not to cases in which the punishment is death.

APPEAL from the St. Charles Circuit Court.

*Affirmed.*

T. G. JOHNS, C. J. WALKER, and C. W. WILSON, for the appellant: Change of venue. — Wag. Stats. 1092, sect. 16. Disqualification of jurors. — Wag. Stats. p. 1102, sects. 4, 6, 7; p. 1103, sect. 13; *The State* v. *Ross*, 29 Mo. 32; *The State* v. *Martin*, 28 Mo. 530. Minor must be imprisoned in county jail.— Wag. Stats. 515, sect. 21; *The State* v. *Garner*, 30 Mo. 45; *The State* v. *Wieners*, 66 Mo. 13.

A. W. ALEXANDER, for the respondent: Qualification of jurors. — *Waters* v. *The State*, 7 Wash. L. Rep. 344; *The State* v. *Rose*, 32 Mo. 353; *The State* v. *Davis*, 29 Mo. 391. Statute does not apply to felonies the punishment for which is death. — 1 Bishop's Cr. Law, 462, 464.

LEWIS, P. J., delivered the opinion of the court.

The defendant appeals from his conviction in the St. Charles Circuit Court upon an indictment for murder in the first degree. He complains, first, that the court erred in overruling his application for a change of venue. The defendant's affidavit was presented in due form, averring that the minds of the inhabitants of the county of St. Charles, and of all the counties in the circuit, were so prejudiced

against him that a fair and impartial trial of his cause could not be had therein.    The testimony of witnesses introduced in support of the application was to the effect, as stated in the bill of exceptions, that "there is a great prejudice against the defendant among the inhabitants of the north-eastern part of the county.    But there is no such prejudice or excitement as would prevent a fair and impartial trial." There were also produced in evidence certain editorial articles in the St. Charles newspapers, whose purport was supposed to show the existence of a general prejudice against the defendant.    It was also shown that the "Point-Prairie Protective Society" had presented a written request to the judge of the circuit to hold a special term of the court for the trial of the defendant, and had petitioned the County Court to offer a reward for the arrest of a certain murderer or murderess, not naming the defendant.    In all this testimony there was nothing to authorize a change of venue under the statute.    Wag. Stats. 1097, sect. 16 ; Sess. Acts 1875, p. 109, sect. 1.    The oral testimony explicitly negatived the essential condition.    The newspaper articles expressed, doubtless, the views of their writer, but were not competent to establish prejudice in the inhabitants of the county or the circuit.    The "Protective Society" demonstrations were wholly irrelevant.

Objection was made to the empanelling of two of the jurors.    One of them, upon being questioned, answered that he had formed an opinion as to the guilt or innocence of the prisoner, and added : "I have not talked with any of the witnesses, or any one who pretended to know any of the facts in the case.    I formed my opinion from what I read in the papers, and conversations I have had with others about the case.    I can hear the evidence and render a fair and impartial verdict in the case, regardless of such opinion. I have at this time no prejudice or bias for or against the prisoner, from what I have read or heard, which would prevent my giving him a fair and impartial trial, after hearing

the evidence.    It would take evidence to remove the opinion formed.''    The answers of the other jurors were substantially to the same effect.

The statute provides that an opinion formed shall be no disqualification of a juror, '' if it appear that such opinion is formed only on rumor, and not such as to prejudice or bias the mind of the juror.''    Wag. Stats. 1103, sect. 13.    The challenged jurors in the present case brought themselves directly within the meaning of this provision, and we can discover no ground upon which it can be asserted that they were disqualified.    The fact that it would take evidence to remove an opinion, would appear to be only the natural adjunct of every opinion founded upon rumor.

In the instructions given to the jury we find no material departure from the forms which have long been customary, and generally accepted in murder cases.    Counsel object, in general terms, that they did not fairly present the law of the case, and that they were calculated to mislead the jury. If learned counsel find themselves unable to point out the particulars wherein these objections arise, it can hardly be expected that we will discover them by intuition.

After the rendition of the verdict, it was shown to the satisfaction of the court that the prisoner was about of the age of fifteen years and nine months at the time when the offence was committed ; and thereupon an application was made for a sentence of imprisonment in the county jail, under Wagner's Statutes, p. 515, sect. 21.  The section reads thus : '' Whenever any person under the age of sixteen years shall be convicted of any felony, he shall be sentenced to an imprisonment in a county jail not exceeding one year, instead of imprisonment in the penitentiary, as prescribed by the preceding provision of this law.''    The real meaning of this section will not be altered if we transpose its concluding terms, thus : '' Whenever, etc.,    *    *    * instead of imprisonment in the penitentiary, as prescribed by the preceding provisions of this law, he shall be sentenced

to imprisonment in a county jail, not exceeding one year.'' It is thus apparent that imprisonment in the county jail is provided, not as an original punishment, but as a substitute for '' imprisonment in the penitentiary as prescribed,'' etc. It follows that the jail penalty is not here to be called into existence upon any other terms. It may appear as a substitute for the penitentiary, but it is nowhere said that it may be adopted in lieu of the death penalty. It is manifest that the mind of the law-maker was occupied with such felonies, and none other, as are punishable by imprisonment in the penitentiary. It would be a perversion of the obvious intent of the statute, and indeed of the plain purport of its language, to give it the interpretation here claimed by counsel for defendant. The Circuit Court committed no error in refusing to send the prisoner to jail for one year, instead of pronouncing the highest sentence of the law. The testimony discloses a most cruel murder, without a single mitigating circumstance ; and the trial, conducted, so far as we can discover, with a strict adherence to all the forms prescribed by law, could lead to but one result. The judgment must be affirmed. All the judges concur.